THE STATE EX REL. GIBLIN, Respondent, vs. THE SUPER-
VISORS OF THE TOWN OF UNION, Appellants.

*January 13 — February, 1, 1887.*

**Highways: Lands entirely surrounded: Filing order: Payment of advantages assessed.**

Within ten days after the determination of the supervisors to lay out a highway under sec. 1275, R. S., the applicant must pay the amount assessed as advantages and thus secure the filing of the order. If he fails to do so, it will be deemed, under sec. 1269, R. S., that the supervisors have decided against his application.

APPEAL from the Circuit Court for *Rock* County.

In May, 1885, the relator, *William Giblin,* presented to the supervisors of the town of Union his affidavit showing that he was the owner of real estate in such town, which was surrounded by the lands of other persons and was shut out from all public highways, and containing the other averments of fact required by R. S. sec. 1275,[1] and peti-

---

[1] Sec. 1275, R. S., is as follows: "When any person shall present to the supervisors of any town an affidavit satisfying them that he is the owner of real estate (describing the same) within said town, and that the same is shut out from all public highways, by being surrounded on all sides by real estate belonging to other persons, that he is unable to purchase from any of said persons the right of way over or through the same to a public highway, or that it cannot be purchased except at an exorbitant price, stating the lowest price for which the same can be purchased by him, the said supervisors may in their discretion, after ten and within thirty days, and after giving notice of the time and place of meeting therefor, by posting notices thereof in three of the most public places in said town, at least ten days before the time fixed therefor, proceed to lay out a public highway of not more than three nor less than two rods in width to such real estate, and shall assess the damages to the owner or owners of the real estate, over or through which the same shall be laid, and the advantages to the applicant; but the damages assessed by the supervisors shall in no case exceed the price stated in the affidavit of the applicant; upon laying out such highway, they shall make and sign an order describing the same, and file the same with

The State ex rel. Giblin vs. The Supervisors of the Town of Union.

tioned such supervisors to lay out a road from his lands to a public highway, in accordance with that section of the statute. Such proceedings were thereupon had upon such affidavit and petition, that on June 11 of that year the supervisors determined to lay out a highway as prayed, and made an order to that effect on that day, laying out a highway from the relator's land to another highway, over the lands of Orville and Lucy Williams. At the same time they awarded to the former $100, and to the latter $200, as damages, and assessed against the relator $150 as advantages, pursuant to the same statute. The order laying out the highway, and the award of damages and assessment of advantages, were deposited with the proper town clerk on the same June 11, 1885. October 1, 1885, the relator paid the sum so assessed against him to the town treasurer, and thereupon the town clerk filed such order and award in his office, and recorded the order. The relator afterwards requested the supervisors to cause such highway to be opened, but they refused to do so because they doubted the validity of their proceedings in the matter. The relator then applied to the circuit court for a writ of *mandamus* to be issued to the supervisors commanding them to open the highway. An alternative writ was issued, to which the supervisors made return, and after a hearing the circuit court ordered and adjudged that a peremptory writ of *mandamus* issue to the supervisors commanding them to open the highway. From the order and judgment in that behalf the supervisors appeal to this court.

For the appellants there was a brief by *D. L. Mills*, attorney, and *I. C. Sloan*, of counsel; and oral argument by *Mr. Sloan*.

the town clerk, together with their award of damages, which order shall be recorded by said clerk: provided, that the amount assessed as advantages to the applicant shall be paid to the town treasurer before the order for laying out such highway shall be filed."

The State ex rel. Giblin vs. The Supervisors of the Town of Union.

For the respondent there was a brief by *Winans & Hyzer*, and oral argument by *Mr. Winans*.

LYON, J.   Several objections to the regularity of the proceedings by which the supervisors attempted to lay out the highway in question were made in the argument.   We find it necessary to notice but one of them.   The proceedings were had under sec. 1275 of the Revised Statutes. That section does not limit the time within which the applicant for the highway shall pay the advantages or benefits assessed against him, but does provide that the amount so assessed " shall be paid to the town treasurer before the order for laying out such highway shall be filed."   Were that the only statute on the subject, the courts might be compelled to hold that the applicant for the highway may take his own time to pay or refuse to pay the advantages assessed against him; thus keeping the persons whose lands the supervisors have determined to condemn to the public use in suspense for an indefinite period, as to whether their lands are ultimately to be taken or not, making the final result dependent upon the convenience or caprice of the applicant.   That this uncertainty might and probably would interfere with the beneficial use of the land, and seriously embarrass the owner in his plans for the improvement and cultivation of his adjacent lands, is perfectly obvious.   Besides, if the applicant delay more than thirty days after the determination of the supervisors to lay out the highway to pay such assessment so that the order may be filed and recorded, it is doubtful, to say the least, whether the owner of the land condemned could then appeal from such determination.   It would be found difficult to strain the language of sec. 1276 so as to save in such case the right to appeal.

But there is another statute which, in our opinion, saves the owner of the land taken for the highway from exposure

to so much injustice at the will or caprice of the applicant. Sec. 1269 provides that "whenever the supervisors shall lay out, alter, widen, or discontinue *any* highway, they shall make out and sign an order therefor, . . . and such order shall be filed and recorded in the office of the town clerk. . . . Such order, together with the award of damages hereinafter mentioned, shall be so filed within ten days after the day fixed by their notice or adjournment for deciding upon such application; and in case said supervisors shall fail to file such order and award within the ten days aforesaid, they shall be deemed to have decided against such application."

The language of sec. 1269 is sufficiently broad to include a highway laid out pursuant to sec. 1275, and we have no doubt that the legislature intended to include therein such highways. Otherwise we should find some limitation of time within which the applicant, under sec. 1275, must pay the assessment against him, to the end that the order and award might be filed in the proper office, and the highway thereby established. Hence we conclude that if the applicant, under sec. 1275, neglects, for more than ten days after the determination of the supervisors to lay the highway, to pay the sum assessed against him as advantages, and thus secure the filing within that time of the order laying the highway, it must be deemed that the supervisors have decided against his application. In this case the relator neglected to pay the assessment against him, and thus obtain the filing of the order and the establishment of the highway, for more than three months. This delay is fatal to the validity of the highway in question. Under no other construction of the statutes on this subject can justice be done to the owner whose property is sought to be taken from him without his consent and against his protest. Neither is it any hardship to the applicant. The highway is laid out chiefly for his benefit, and he should not put the machinery of the law in

motion for the condemnation of his neighbor's property, theoretically to the public use, practically to his individual use, until he is ready to perform the conditions which the law imposes upon him. .

Our conclusion is that the attempt to lay out the alleged highway has failed, and hence that the supervisors should not be required to open it as a public highway.

*By the Court.*— The order and judgment of the circuit court awarding a peremptory writ of *mandamus* to the supervisors to open the alleged highway is reversed, and the cause remanded with directions to quash the alternative writ and dismiss the proceedings.