BAIER, Appellant, vs. HOSMER and others, Supervisors, Respondents.

*September 6 — September 25, 1900.*

*Highways: Lands excluded from access: Filing order: Payment of advantages assessed: Payment to town chairman: Mandatory statute.*

1. Construing sec. 1275, Stats. 1898 (providing that, whenever the supervisors of a town shall lay out a highway to lands excluded from access to any other highway, the amount assessed as advantages against the applicant shall be paid to the town treasurer before the order laying out such highway shall be filed), in connection with the provisions of sec. 1269 that the order laying out such highway, together with the award of damages, shall be filed within ten days after the day fixed for deciding on the application, no legal filing can take place until such assessment has been paid. Hence, in such a proceeding, where the advantages assessed against the applicant were not paid to the town treasurer until thirteen days after the hearing, the supervisors are deemed to have decided against the application. *State ex rel. Giblin v. Sup'rs of Union,* 68 Wis. 158, followed.

2. The provisions of sec. 1275, Stats. 1898, that, on laying out a highway to lands excluded from access to any other highway, the advantages assessed against the applicant shall be paid to the *town treasurer,* are mandatory: it is not a substantial compliance with the statute to pay the sum assessed to the *chairman of the town board.*

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

An action to enjoin the defendants from opening a highway of necessity over lands of the plaintiff for access to the lands of one Louis A. Miller, upon whose application and upon notice hearing was had pursuant to sec. 1275, Stats. 1898, on the 13th day of October, 1899, as to the necessity of such road. On the tenth day after said hearing, to wit, October 23, 1899, the defendants as supervisors made and signed an order for the opening of said highway, assessing $20 advantages upon the applicant, Miller, and awarding

Baier vs. Hosmer and others.

$20 damages to the plaintiff. On the same day the applicant, Miller, paid $20 to the chairman of the town board, who tendered it to the plaintiff. He refused it. Thereupon, on said 23d day of October, the town board filed said order with the town clerk, but the chairman of the board, having no convenient opportunity, did not pay over said $20 to the town treasurer until October 26th, thirteen days after the day of hearing. From judgment dismissing the complaint on the merits, plaintiff appealed.

For the appellant there was a brief by *Wm. S. Burroughs,* attorney, and *F. H. Bloomingdale,* of counsel, and oral argument by *Mr. Burroughs.*

For the respondents there was a brief by *Higbee & Bunge,* and oral argument by *G. W. Bunge.*

DODGE, J. The conclusion reached upon one of the questions presented renders unnecessary consideration of other contentions urged by the plaintiff against the opening of the highway in question. It is provided that the applicant for the opening of a highway to lands excluded from access to any other highway, under sec. 1275, Stats. 1898, shall pay the amount assessed as advantages to the town treasurer before the order laying out such highway shall be filed. Upon full consideration, it was decided in *State ex rel. Giblin v. Sup'rs of Union,* 68 Wis. 158, that this provision was to be read in connection with those of sec. 1269, Stats. 1898, viz.: "Such order, together with the award of damages hereinafter mentioned, shall be so filed within ten days after the day fixed by their notice or adjournment for deciding upon such application; and in case said supervisors shall fail to file such order and award within the ten days aforesaid they shall be deemed to have decided against such application;" that, so read, the statutes resulted in the proposition that no legal filing could take place until the applicant, under sec. 1275, had paid the assessment against him; and that, if he neglected to do so until the expiration

of the ten days, the result specified in sec. 1269 was attained, namely, a decision against his application. That situation is here presented. The advantages assessed against the applicant, Miller were not in fact paid to the town treasurer until thirteen days after the time of hearing, and we must hold, upon the authority of the above-cited case, that the supervisors are deemed to have decided against, instead of in favor of, his application.

Respondents urge that sec. 1275 is substantially complied with by applicant's payment to the chairman of the town board of the sum assessed, but with this contention we cannot agree. The statute is mandatory that the payment shall be made to the town treasurer, an officer upon whom the law casts specific duties, and in whose hands the money is by law protected for the benefit of the person to whom damages are awarded. A payment to the chairman of the town board is wholly unauthorized by law, and in no wise satisfies the statute. The receipt by such officer can only be in his individual capacity. The law places upon him no duty with reference thereto, and no liability for any misapplication thereof. He could, during any of the period that said money was in his hands, have returned it to the applicant without thereby incurring any responsibility either to the town or to the plaintiff. The requirements of sec. 1275 must be strictly complied with, and cannot be satisfied by what may seem either to the applicant or to the court equivalent.

From these views, it results that no authority exists in the respondents, as supervisors of the town, to open the highway in question; and as their threat to do so is imminent, and the injury therefrom of a character to impose irreparable injury upon the plaintiff, incapable of adequate remedy at law, they should have been enjoined from proceeding.

*By the Court.*— Judgment reversed, and cause remanded with instructions to enter judgment in accordance with the prayer of the complaint.