STATE EX REL. PAULSON, Appellant, vs. TOWN BOARD OF PERRY and others, Respondents.

*December 7, 1938—January 10, 1939.*

For the appellant the cause was submitted on the brief of *Hill, Beckwith & Harrington* of Madison.

*O. A. Stolen* of Madison, for the respondents.

WICKHEM, J.   As disclosed by the record in this case the facts are that on August 10, 1937, the town boards of Perry, in Dane county, and Moscow, in Iowa county, entered a joint order laying out a town highway.   The line of the proposed road is westerly from a north-south highway in the town of Perry across the farm of relator Paulson to the Dane-Iowa county line, and thence across several farms in Iowa county to a town road in that county.   Relator is the only landowner in Dane county affected by the order.   The order laying out the road was entered August 10, 1937, and within thirty days thereafter relator appealed to the county judge of Dane county pursuant to sec. 80.17, Stats., for the appointment of commissioners to review the order.   On October 11, 1937, a hearing was had in county court and commissioners selected.   On December 16, 1937, the commissioners rendered the decision affirming the order laying out the road over relator's land.   Thereupon, petition was made to the circuit court for Dane county for a writ of *certiorari* pursuant to sec. 80.34 (2).   The writ issued on March 8, 1938.   On March 26, 1938, the clerk of the town of Perry made return to the writ.   Thereafter, the town board moved to quash the writ and relator moved for an order requiring the writ to be amended to include a transcript of the evidence taken before the commissioners and also to include relator's demand upon the town board for a survey and appraisal of the proposed roadway.

It is contended that the order laying out the road was in several respects defective for failure to comply with the statutory requirements, that the petition sufficiently set forth these defects, and that the motion to quash being in effect a demurrer admitted these allegations. To the last proposition petitioner cites *State ex rel. South Range v. Tax Comm.* 168 Wis. 253, 169 N. W. 555, and *State ex rel. Bidgood v. Clifton,* 113 Wis. 107, 88 N. W. 1019. The allegations which are claimed to establish the invalidity of the proceedings and to have been admitted by the motion to quash are, (1) that the liability imposed on the town of Perry for this road will exceed one tenth of one per cent on the taxable property of the town of Perry, and will also exceed $2,000, and that the order has not been approved or accepted by a majority of the qualified electors of the town. This allegation is based on the provisions of sec. 80.30 (2), Stats., which provides that under the conditions alleged such highway shall not be opened, widened, or altered unless the order is approved and the highway accepted by a majority of the qualified electors of the town "liable to damages." (2) That the construction will involve the building of a bridge in the nature of a cattle pass, the cost of which will be in excess of $1,000, exclusive of donations, and that there has been no approval by the electors nor any estimate by the state highway commission. Sec. 80.02 is cited as the statutory basis of this allegation. (3) That the proposed road is not in effect a public highway but is designed for the convenience of a single landowner in the town of Moscow, Iowa county, and that the public funds of the town of Perry cannot be expended to provide a private highway. Respondents contend that whatever may be the situation in respect to a motion to quash before the return is filed, that when the return is filed before the motion to quash is made, the return must be taken as a verity and the matter decided upon the assumption that the facts in the return are true. Respondents' con-

tention is well established by the cases. *State ex rel. Gray v. Oconomowoc,* 104 Wis. 622, 80 N. W. 942; *State ex rel. Heller v. Fuldner,* 109 Wis. 56, 85 N. W. 118; *Nehrling v. State ex rel. Thal,* 112 Wis. 637, 88 N. W. 610.

This being true, the next question is whether the return was responsive to the writ. The return does not disclose, (1) whether the cost of this road will exceed one tenth of one per cent of the taxable property of the town of Perry; (2) whether the amount of damages chargeable to the town of Perry will be in excess of $2,000; (3) whether the proposed road involves the building of a bridge located in the town of Perry and to cost in excess of $1,000; or (4) any facts indicating that the road is not to be a public highway. Thus, upon the face of the return, which purports to furnish a complete record, it is evident that no defect in the proceedings appears. So far as we can discover, the town boards had no duty to record findings in the four respects that the proceedings are claimed to be defective. This being true, the record discloses nothing with reference to the defects, and petitioner cannot reach by *certiorari* the questions he seeks to raise.

In *Morris v. Ferguson,* 14 Wis. *266, *268, it was said:

"Now, the difficulty with this case is, that the return of the supervisors shows no want of jurisdiction, nor any irregularities in their proceedings. And the errors of which the plaintiff in error complains cannot be reached by this writ [*certiorari*], for the simple reason that we cannot go into a review of matters of evidence. We are confined to the defects appearing upon the return. . . . If such errors of law exist, they can only be shown by matters *de hors* the return and this shows that the plaintiff in error mistook his remedy in supposing that he could reach these questions by a common-law writ of *certiorari.*"

The relator evidently perceived this difficulty and moved for an order requiring the return to be so amended as to include a transcript of the evidence taken by the commissioners

upon appeal, and to further include Paulson's demand upon the town board for a survey and appraisal of the proposed roadway. The court properly denied the amendment. The writ was not directed to the commissioners but to the town board, and the town board cannot be expected to return matters that were not before them. In *Morris v. Ferguson,* 14 Wis. *266, *269, the court said:

"Another question desired to be reached by the writ is, whether the supervisors of Caledonia could lay out the highway, the same having, as is contended, been previously laid out by the supervisors of Orwell before the division of the town. But obviously the defendants in error can make no return in reference to the action of the supervisors of Orwell. How could they possibly have any knowledge of that matter, except from hearsay?"

The record of proceedings before the commissioners is not a part of the record of the town board or properly returnable by the town board. The demand of relator for a survey and appraisal would be wholly immaterial for the reason that it throws no light upon the existence of the claimed defects in the proceedings. While it is proper to move to amend the return where the return does not state the whole record, we think no case was made for an amendment here. This view of the matter makes it unnecessary to consider respondents' contention that the writ was misdirected, and we express no opinion upon that point.

*By the Court.*—Judgment affirmed.