BERSCHENS, Appellant, v. TOWN OF PRAIRIE DU SAC, Respondent.

*No. 75–243. Argued November 3, 1976.—*
*Decided February 15, 1977.*
(Also reported in 250 N. W. 2d 369.)

For the appellant there was a brief by *Carlyle Whipple* and *McBurney, Musolf & Whipple, S.C.,* and oral argument by *Carlyle Whipple,* all of Madison.

For the respondent there was a brief by *Carl R. Marquardt* and *Staub & Marquardt,* and oral argument

by *Carl R. Marquardt*, all of Sauk City. A brief amicus curiae was filed for Susan Huerth by *Hill, Quale, Hartman, Bohl & Evenson* of Baraboo.

DAY, J.   Mr. John I. Berschens appeals from a judgment and order of the circuit court rendered April 23, 1975 quashing a writ of certiorari addressed to the Board of Supervisors of the Town of Prairie du Sac, Sauk County ("the Board"). The Board denied Mr. Berschens' application to lay out a road pursuant to sec. 80.13(1), Wis. Stats. 1973.[1]

The issues which we deem dispositive on this appeal are:

(1) Whether the lower court erred in refusing to reach the merits of the Town Board's decision not to lay a highway, confining itself to the legality of that decision.

(2) What was the effect of the Town Board's adjournment of more than thirty days?

### FACTS

Mr. Berschens, a professional engineer residing in Madison, is the owner of one hundred and twenty acres of land in Sections 19 and 20, Town of Prairie du Sac, Sauk County. The land is landlocked in that it has no access for purposes of ingress or egress to any public roadway. The land is in its natural, undeveloped state. According to an aerial photograph upon which a grid has

---

[1] "80.13 *Land excluded from highway.* (1) When any person shall present to the supervisors of any town an affidavit satisfying them that he is the owner or lessee of real estate (describing the same) within said town, and that the same is shut out from all public highways, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, or by such real estate and by water . . . that he is unable to purchase from any of said persons the right of way over or through the same to a public highway . . . the said supervisors shall appoint a time and place for hearing said matter, which hearing shall be after ten days and within thirty days of the receipt of said affidavit."

been drawn, the land is bounded on the south by the property belonging to Susan Huerth, on the west by the property belonging to Francis Dederich, on the north by the property of the Watcher brothers, and on the southeast corner by the Wisconsin River. Mr. Berschens' property is entirely forested; the tree line is located just beyond the boundary of his property on the Huerth and Dederich lands. A highway, known as Huerth Road, crosses the Huerth property.

On June 11, 1974, Mr. Berschens filed an application with the town clerk to lay a public roadway connecting his property with the Huerth road pursuant to sec. 80.13, Stats. The proposed roadway would cross the Huerth property. This action was taken after unsuccessful attempts to negotiate for an easement with Mrs. Huerth and Mr. Dederich. Mr. Berschens stated the topography of the Watcher brothers' property to the north is not conducive to construction of a roadway. Notice was given pursuant to statute.

The Town Board met pursuant to sec. 80.13(1) and (3), Stats.[2] on July 10, 1974. Minutes of the proceeding are part of the record. Mr. Berschens filed a fact sheet in support of construction of the proposed road which was supported by members of his family.

Several witnesses testified in opposition including Mr. Dederich and counsel for Mrs. Huerth. Most of the opposition expressed concern for possible ecological damage including damage to the habitat of wild animals and birds.

The Board then adjourned to August 13, 1974, the date of the regular Town Board meeting. On July 24, 1974, the Board met in executive session to consult with the

---

[2] ". . . (3) The supervisors shall meet at the appointed time and place and shall then in their discretion proceed to lay out such highway of not more than three nor less than two rods in width to such real estate . . . and shall assess the damages to the owner or owners of the real estate over or through which the same shall be laid . . . and the advantages to the applicant."

town attorney on the Berschens application. According to the minutes of this meeting, the town attorney informed the Board that "technically the Board had denied the petition by adjourning the July 10th hearing for more than thirty days."

On July 28, 1974, Mr. Berschens wrote the Town Board summarizing his position and offering to "entertain any reasonable suggestion for control of the use of our lands." The Board convened for its regular meeting on August 13, 1974. According to the minutes, Supervisor Kenneth Noltner opposed the application because he did not want the town to set a precedent of condemning land to other landlocked parcels. Supervisor Harvey Wilhelm opposed it "for environmental reasons and because of total public opposition to the road." The petition was denied.

Mr. Berschens then filed a petition for a writ of certiorari with the circuit court claiming the Board abused its discretion in denying the application and praying for a judgment directing the Town Board to lay out the road requested by the petitioner. On October 28, 1974 the writ was issued to the Town of Prairie du Sac. The court heard argument on February 27, 1975. On April 23, 1975 the court affirmed the action of the Board in denying the petition and quashed the writ.

I. *The Circuit Court Properly Limited The Scope of Its Review.*

The lower court properly refused to review the merits of the Board's decision because of the limited nature of the writ and the availability of an alternative mode of review.

The writ was issued pursuant to sec. 80.34, Stats. (1973).[3] Review is limited to irregularities or legal

---

[3] "80.34 *Highway orders; presumptions; limitation of actions.* (1) Every order of the supervisors or the supervisors and com-

questions growing out of the proceedings of the supervisors provided the alleged errors appear upon the record or in the return. The court may not, upon a common law writ of certiorari, go beyond defects appearing upon the record to review questions of fact. *Morris v. Ferguson,* 14 Wis. (*266), 288, 291 (1861).

The trial court stated that "since the statute does not enlarge the scope of review and power of the court, it must be assumed that the scope is co-extensive with the Common Law writ rather than enlarged by statute." At oral argument counsel for Mr. Berschens cited *Browndale International, Ltd. v. Board of Adjustment for the County of Dane,* 60 Wis.2d 182, 208 N.W.2d 121 (1973) *cert. den.* 416 U.S. 396.

*Browndale International* relied in part on the distinction between common law and statutory certiorari as explained by this court in *Lakeshore Development Corporation v. Plan Commission of Village of Oconomowoc,* 12 Wis.2d 560, 107 N.W.2d 590 (1961). It was said in *Browndale,* 60 Wis.2d at 182:

"In *Lakeshore Development Corp.,* this court stated at page 565:
" 'The writ of certiorari at common law was limited in scope and a motion to quash, either before or after the return to the writ was made, usually raised only ques-

missioners or of the county board or a committee thereof laying out, widening, altering or discontinuing any highway, or restoring the records thereof, and the order of any commissioners reversing or affirming the same on appeal, and the record or certified copy thereof shall be presumptive evidence of the facts therein stated and of the regularity of all the proceedings prior to the making of such order.

"(2) The validity of any such order if fair on its face shall not be open to collateral attack, but may be tested by certiorari or other proper action or proceeding brought directly for that purpose at any time within three months after such order is made but not thereafter. This subsection shall not apply to orders made prior to July 22, 1923."

tions of jurisdiction or excess power set forth as errors in the petition although other errors might appear in the return. Ferris, Extraordinary Legal Remedies, p. 204, sec. 178. The return was taken as conclusive if responsive to the petition and could not be impeached by collateral affidavits. After the return was made the court could dismiss or quash the writ or enter a judgment of affirmance.

" 'The scope and purpose of the writ of certiorari has been enlarged by statute and it is now used as a method of appeal to determine not only the jurisdiction of a municipal board or agency but also to review the action of such a board as arbitrary, unreasonable, or discriminatory and sometimes to decide the merits of the action. . . .' "

The scope of statutory certiorari, it was said, sometimes includes a decision on the merits. But brief review of the pertinent statute and cases shows that the statutory review by certiorari considered in *Browndale International* and *Lakeshore Development Corporation* is unlike the reference to certiorari in sec. 80.34(2).

In *Lakeside Development Corporation,* the village plan commission rejected the corporation's preliminary plat setting out a proposed development and subdivision plan for homesites. The corporation petitioned the circuit court for review, in part under sec. 62.23(7)(e)10 to 13, Stats. (1959).[4]

[4] "10. Any person . . . aggrieved by any decision of the board of appeals . . . may present to a court of record a petition . . . setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality . . .

"11. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of appeals in order to review such decision of the board of appeals . . .

"12. The board of appeals . . . shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from . . .

"13. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter,

The latter statute empowered the court to issue a writ to the zoning board of appeals; unlike the common law certiorari proceeding, this statute expressly authorized the court to hear testimony and take additional evidence. The court was given the power to reverse, affirm, wholly or in part, and to modify the decision of the zoning board of appeals. It was therefore held in *Lakeshore Development Corp., inter alia,* that a motion to quash could consider facts outside the petition. Court review under a common law writ of certiorari, by contrast is limited to a review of matters appearing in the petition for the writ and the return. 12 Wis.2d at 565.

In *Browndale International* the Dane County Zoning Supervisors determined Browndale's proposed homes for emotionally disturbed children were single family dwellings within the meaning of a zoning ordinance. The Dane County Board of Adjustment modified that determination and ruled that "site approval" was necessary to operate the homes. The circuit court reversed, deciding the homes were single family dwellings if limited to five children each. On appeal the board objected that the circuit court improperly considered matters beyond the record and conducted a de novo review. 60 Wis.2d 193. The first question was whether the circuit court exceeded its jurisdictional scope of review by certiorari.

This court held that the scope of review as authorized by statute was "explicit on its face." Specifically, sec. 59.99(10) through (13), Stats., provided that (a) in preparing the return to the writ the board could include not only the original papers acted upon by it, but also "other

---

it may take evidence, or appoint a referee to take such evidence as it may direct and to report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify, the decision brought up for review."

facts as may be pertinent and material," sub. (12) ; (b) the court could hear testimony, take evidence or appoint a referee to take such evidence, sub. (13) ; (c) the court could reverse or affirm, wholly or partly, or modify the decision brought up for review.[5] This court held the circuit court did not err by taking additional evidence and acting thereon. 60 Wis.2d at 199.[6]

In the instant case, the statutory reference to certiorari in 80.34 Stats. contains no such provisions which expand the scope of review.

Certiorari proceedings under this statute are limited to matters raised by the petition and return; on a motion to quash the return is taken as a verity. *State ex rel. Paulson v. Town Board of Perry,* 230 Wis. 76, 78–80; 283 N.W. 360 (1939). The significance is that these principles are characteristic of the common law writ of certiorari. *Lakeshore Development Corp., supra,* 12 Wis.2d at 564, 565.

The statutes in both *Lakeshore Development Corp.* and *Browndale International, supra,* allowed the court to conduct its own factual inquiry; that is not true under the applicable statutes here.

Under sections 80.17,[7] 80.18 and 80.19, Stats. (1973), the denial of the application by the Town Board may be

---

[5] *Also see, Master Disposal, Inc. v. Village of Menomonee Falls,* 60 Wis.2d 653, 659, 211 N.W.2d 477 (1973).

[6] This court went on to reverse the circuit court on the merits of its decision.

[7] *"Appeal from highway order.* Any person aggrieved by any order of the town supervisors laying out, altering, widening or discontinuing any highway, or refusing so to do may, within 30 days after such determination appeal therefrom to the county or circuit judge for the appointment of commissioners to review the order or determination. Failure of the supervisors to file their decision upon any application to lay out, alter, widen or dis-

challenged on the merits before commissioners appointed by the court and consisting of three disinterested persons, resident freeholders of the county.

The only question remaining is whether there can be de novo review in the instant situation. Can the court, upon certiorari to the town board, make a de novo consideration of whether to lay out a road when the commissioners are bypassed? We hold the answer is no. The lower court was correct in refusing to exercise a discretion expressly delegated to the Town Board. In *Master Disposal, supra,* 60 Wis.2d at 657, the court quoted *State ex rel. Martin v. Juneau,* 238 Wis. 564, 568, 300 N.W. 187 (1941) as follows:

" 'This court has repeatedly held that where a specified method of review is prescribed by an act creating a new right or conferring a new power, the method so prescribed is exclusive and if review is sought that method must be pursued.' Citing *State ex rel. Attorney General v. Fasekas,* 223 Wis. 356, 362, 269 N.W. 700; *Corstvet v. Bank of Deerfield,* 220 Wis. 209, 263 N.W. 687."

The commissioners are empowered to reverse the decision of the Board. Sec. 80.21. While the circuit court is limited to reviewing legal errors under the writ of certiorari, the commissioners may review determinations of fact.

"The Commissioners are confined, on the appeal, to an examination of the case upon the merits—that is, the necessity or propriety of laying out the road, assuming all the previous steps taken to have been regular. They

continue any highway within 60 days after the application is made shall be deemed a refusal of the application. The appeal shall be in writing and shall briefly state the grounds upon which it is made, and whether it be made to reverse entirely the order or determination or only a part, and in the latter case it shall state what part. In case of highways upon a line between 2 counties the appeal may be made to the county or circuit judge of either county."

are not to review legal questions, or irregularities, which might exist in the preliminary steps." *Morris, supra,* 14 Wis. at 290.

The lower court correctly limited the scope of its review. For purposes which concern us here, that review concerned the overlong adjournment, under the statutes, of the Town Board.

II. *The Over Thirty-Day Adjournment by The Board of Supervisors Operated As A Denial of Berschens' Application To Lay Out A Road.*

The Board of Supervisors met to consider Mr. Berschens' application July 10, 1974. The Board met in executive session to further consider the application on July 24, 1974. At that meeting the town attorney advised the Board that when on July 10 it adjourned to the next regular meeting scheduled for August 13, it in effect denied Mr. Berschens' application. On August 13, 34 days after the first hearing, the Board voted to deny the application.

Sec. 80.06 Stats., provides:

"80.06 *Proceedings after notice.* The supervisors shall meet at the time and place stated in their notice, and upon being satisfied that the notices required in section 80.05 have been duly given, proof of which may be shown by affidavit or otherwise as they may require, shall proceed to examine personally such highways, and shall hear any reason that may be offered for or against laying out, widening, altering or discontinuing the same, and shall decide upon the application and shall grant or refuse the same as they shall deem best for the public good; *and they may adjourn from time to time, not exceeding in all 30 days from the time of the first meeting, giving public notice of the time and place of such adjournment when made,* and by forthwith filing notice of such adjournment in the office of the town clerk." (Emphasis supplied)

The court below determined sec. 80.06 is to be read in conjunction with sec. 80.13 and that it is the legislative policy that time is of the essence "so that interested parties will not be left dangling for excessive periods of time." We agree. The Board's failure to act within thirty days automatically constituted a denial of the application.

In *Northern States Power Company v. Hunter Bd. of Supv.*, 57 Wis.2d 118, 203 N.W.2d 878 (1973), this court held sec. 80.13 should be read in conjunction with another statute imposing time constraints on a board, sec. 80.07 (1), Stats.

Under the reasoning of *Northern States Power Company, supra,* we hold sec. 80.06 and sec. 80.13 must be read together. Sec. 80.06 refers to the procedures by which the Board shall meet to consider the laying out of a highway. The meeting is set in motion under the provisions of sec. 80.13. It is the well settled law of this state that the Board in exercising its power to lay out a road must strictly comply with the statutory scheme which confers that power in order to maintain jurisdiction. *Eg., Northern States Power Company, supra,* 57 Wis.2d at 129, 203 N.W.2d at 884; *Roberts v. Jeidy,* 256 Wis. 603, 42 N.W.2d 280 (1950) ; *State ex rel. Hewitt v. Graves,* 120 Wis. 607, 98 N.W. 516 (1904) ; *State ex rel. Giblin v. Supervisors of the Town of Union,* 68 Wis. 158, 31 N.W. 482 (1887).

Had the Board never met at all there would have been an automatic denial of the application within sixty days of its filing under sec. 80.17, Stats. The Board lost jurisdiction after the thirty day period under sec. 80.06. This constituted a denial of the application for which the remedy was to seek the appointment of commissioners under sec. 80.17, et. seq., Stats. Under the certiorari provided for in sec. 80.34(2), the court could not go into the merits nor order construction of the highway.

The court correctly determined the action of the Board taken on August 14 was a nullity. The proper avenue of an appeal on the merits was to request the appointment of commissioners under sec. 80.17.

*By the Court.*—Judgment and order affirmed.