James D. HANLON, Plaintiff–
Appellant,

v.

TOWN OF MILTON, Town Board of
Milton, William Cunningham, et
al., Defendants–Appellees.

No. 98–2542.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 1999.

Decided July 27, 1999.

Joseph S. Goode (argued), Kravit, Gass, Hovel & Leitner, Milwaukee, WI, for Plaintiff–Appellant.

Ted Waskowski, Stafford, Rosenbaum, Rieser & Hansen, Madison, WI; Margaret J. Vergeront (argued), Lafollette & Sinykin, Madison, WI, for Defendants–Appellees.

Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

James D. Hanlon pursued Wisconsin statutory certiorari review in state court of the Town Board of Milton's denial of his request for a conditional use permit to operate a gravel quarry on his property. Unsuccessful in these state proceedings,

Hanlon filed suit in federal district court against the defendants in this case under 42 U.S.C. § 1983. His suit alleged that the Board's denial of the conditional use permit deprived him of his constitutional rights to due process and equal protection. The district court granted summary judgment in favor of the defendants, concluding that Hanlon failed to show that the defendants deprived him of a property interest or that the defendants treated him differently from other permit applicants to protect the economic interests of those applicants. On appeal, Hanlon has abandoned his due process claims and challenges only the district court's grant of summary judgment on his equal protection claims. Before we reach the merits of Hanlon's equal protection claims, we must consider the applicability of claim preclusion, which turns on the question of whether Hanlon could have pursued his equal protection claims in his Wisconsin statutory certiorari review of the Board's denial of his conditional use permit application. Because neither the Wisconsin Statutes' chapter providing for certiorari review in this case, Chapter 68, nor the Wisconsin appellate courts provide guidance on this issue, we stay this appeal and certify the question to the Wisconsin Supreme Court pursuant to 7th Cir. R. 52 and Wis. Stat. § 821.01.

## I.

James Hanlon owns and operates a farm in the town of Milton, Wisconsin. His property is zoned for agricultural use under the town's zoning ordinance. This zoning classification allows Hanlon to operate his property as a gravel quarry upon application to the town's Planning and Zoning Committee and an issuance of a conditional use permit by the Board.[1]

Hanlon submitted an application to the Planning and Zoning Committee in February 1989, requesting a conditional use per-

---

1. Defendants William Cunningham, Gerald Traynor, Ronald Kaiser, and Kenneth Hull served on the Board, and defendants Gerald

Frederick and James Clark served on the town's Planning and Zoning Committee during the time relevant to this case.

mit to operate a gravel pit on his property to serve a nearby highway construction project. Hanlon's application received preliminary approval subject to certain specified conditions. Because Hanlon never fulfilled these conditions, he did not receive final approval of his permit application.

In February 1990, Hanlon submitted a new application for a gravel pit permit. Residents of the town offered significant opposition to Hanlon's application for the new permit during a hearing before the Planning and Zoning Committee. Although Hanlon provided the Committee with documentation demonstrating that the proposed pit complied with the town's zoning ordinance and testimony from the Highway Commissioner showing the benefit of locating the pit on Hanlon's land, the Committee denied the permit application. The Committee rested its decision primarily on the opposition to the pit voiced by local residents.

On that same night, the Planning and Zoning Committee approved two other gravel pit permit applications that local residents did not oppose. Both of these applicants—defendants Frederick and Clark—served as members of the Committee. Frederick sought permission to expand an existing pit located adjacent to his property onto his land because the operators of the existing pit, Frank Brothers, had nearly exhausted their supply of gravel. Clark sought a permit to remove 75,000 yards of gravel from his property to sell to Frank Brothers and specified a definitive time within which he would close the pit. As a result of the receipt of these permits, Frederick received $76,206 in compensation and a $250,000 farm Frank Brothers purchased on his behalf. Clark received more than $17,000 in compensation.

Hanlon appealed the Planning and Zoning Committee's denial of his permit application to the Milton Town Board. In response to concerns raised by local residents, Hanlon submitted a report to the Board from an environmental consulting firm that concluded the proposed pit would comply with all applicable noise and dust control regulations. The Board denied Hanlon's appeal for several reasons, including the opposition of local residents, the prospect that the pit could potentially decrease property values and disturb wildlife in the area, the uncertainty regarding the need for such a pit, and the potential heavy truck damage that could result on local roads.

After the denial of his appeal, Hanlon filed a complaint for certiorari with the Rock County Circuit Court pursuant to Wis. Stat. § 68.13, which provides for review by certiorari of final administrative determinations. The Circuit Court found that the denial of the permit application was arbitrary, oppressive, unreasonable, and not supported by the facts and evidence. The Circuit Court also determined that the Board violated § 68.11, which outlines how administrative appeals must be conducted, by allowing unsworn testimony, failing to allow cross-examination, and failing to enforce a two-party system of dispute resolution. As a result, the Circuit Court reversed and vacated the Board's decision and ordered the Board to conduct a hearing that comported with § 68.11. Following this decision, Hanlon and the Board selected an independent hearing examiner who took evidence on the matters at issue in Hanlon's application for the conditional use permit. The hearing examiner subsequently denied Hanlon's application.

Hanlon again filed a complaint for review by certiorari with the Circuit Court. The Court again found that the Town Board failed to comply with the town's zoning ordinance and that the denial of the permit was arbitrary and capricious. The Court ordered the town to issue the permit with conditions imposed to address the concerns set forth in the zoning ordinance. The Wisconsin Court of Appeals reversed the Circuit Court's ruling. The Court of Appeals found that the hearing examiner's

decision was sufficiently supported by the evidence. The Wisconsin Supreme Court denied Hanlon's petition for review.

Hanlon filed a new application for a conditional use permit in 1997, which the Board again denied. The Board essentially pointed to the same concerns it had cited regarding Hanlon's earlier application. Instead of appealing this decision, Hanlon filed suit in federal district court, asserting that the defendants deprived him of property without due process and denied his right to equal protection by denying his conditional use permit application. The district court granted the defendants' motion for summary judgment, concluding that Hanlon failed to show that the defendants denied him a property interest in his land by rejecting his conditional use permit application and failed to demonstrate that the defendants treated him differently than Frederick and Clark with respect to their applications because the defendants wanted to protect the private economic interests of Frederick and Clark.

## II.

On appeal, the defendants argue that claim preclusion should have barred Hanlon from pursuing his equal protection claims before the district court. Hanlon does not dispute that he did not present his equal protection claims before the Rock County Circuit Court during either of the Circuit Court's reviews of the Board's denial of his application for a conditional use permit. Under Wisconsin law, a final decision between parties, such as the decision rendered by the Circuit Court in Hanlon's case, is conclusive in all subsequent actions between those parties if the following elements are established: (1) an identity of parties or their privies in the prior and present action; (2) an identity between the causes of action in the prior and present action; and (3) a final decision on the merits in the prior action in a court of competent jurisdiction. *See Northern*

*States Power Co. v. Bugher*, 189 Wis.2d 541, 525 N.W.2d 723, 728 (1995). Based on the standard set forth in *Northern States Power*, the defendants argue that claim preclusion should apply to Hanlon's claims that the denial of the permit application deprived him of equal protection under the law because he failed to raise these claims in his appeal of the Board's decision before the Circuit Court. In contrast, Hanlon contends that the review provided for in § 68.13 did not afford him an opportunity to present his equal protection claims.

The Wisconsin legislature enacted Chapter 68, entitled "Municipal Administrative Procedure," to "afford a constitutionally sufficient, fair and orderly administrative procedure and review in connection with determinations by municipal authorities which constitutionally protected rights of specific persons which are entitled to due process protection under the 14th Amendment to the U.S. Constitution." Wis. Stat. § 68.001. Section 68.01 provides that "[a]ny person having a substantial interest which is adversely affected by an administrative determination of a governing ... board ... may have such determination reviewed" as provided for in Chapter 68. The review procedure pursued by Hanlon in the present case—review by certiorari—is provided for in § 68.13: "Any party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination. The court may affirm or reverse the final determination, or remand to the decision maker for further proceedings consistent with the court's decision." Wis. Stat. § 68.13.

The applicability of claim preclusion to Hanlon's equal protection claims involves the interplay between two additional statutory provisions. Wis. Stat. § 68.02 provides that final determinations are reviewable; Wis. Stat. § 68.03 identifies which final determinations may not be reviewed.[2]

---

2. It is helpful at the outset to view the relevant portions of § 68.02 and § 68.03 together.

Section 68.02(1) provides:

Section 68.02 provides for review of "[t]he grant or denial in whole or in part after application of an initial permit, license, right, privilege, or authority, except an alcohol beverage license." Wis. Stat. § 68.02(1). The reach of § 68.02(1) definitely encompasses the denial of Hanlon's application for a conditional use permit. Thus, it would appear that principles of claim preclusion should have required all claims arising from the denial of this application to be brought in conjunction with certiorari review as provided for in § 68.13 before the Circuit Court.

In attempting to rebut this conclusion, Hanlon points to § 68.03. This section categorizes determinations not subject to review under Chapter 68 and excludes, among other things, "any action or determination by a municipal authority which does not involve the constitutionally protected right of a specific person or persons to due process in connection with the action or determination." Wis. Stat. § 68.03(9). Viewed in isolation, § 68.03(9) seems to suggest that Hanlon could not have brought his equal protection claims in his petition for review by certiorari. However, this conclusion is problematic for two reasons.

First, § 68.03 excepts § 68.02 from its reach: "Except as provided in § 68.02, the following determinations are not reviewable under this chapter...." Wis. Stat. § 68.03. This language suggests that as long as the claims at issue fall within § 68.02, as do Hanlon's equal protection claims because they stem from the Board's

denial of his application for a conditional use permit, they are reviewable.

Second, the traditional scope of review by certiorari also supports this outcome. As this Court has recognized, under Wisconsin law a suit for review by certiorari may consider: (1) whether the Board acted within its jurisdiction; (2) whether the Board proceeded on a correct theory of law; and (3) whether the Board's action was arbitrary, oppressive, or unreasonable under the evidence, and represented its will rather than its judgment. *See Balcerzak v. City of Milwaukee*, 163 F.3d 993, 996 (7th Cir.1998) (citing *Owens v. Board of Police and Fire Comm'rs of Beloit*, 122 Wis.2d 449, 362 N.W.2d 171, 172 (Wis.Ct. App.1984)). A decision that denied an individual equal protection under the law would certainly constitute an arbitrary decision and would demonstrate that the Board failed to act under a correct theory of the law.

Were our inquiry to end at this point, there would be no doubt that Hanlon would be precluded from pursuing his equal protection claims before the district court. However, § 68.03(9) muddies the waters considerably. Despite the fact that § 68.03 specifically excepts § 68.02 from its reach, § 68.03(9) also provides that: "*Notwithstanding any other provision of this chapter*, any action or determination of a municipal authority which does not involve the constitutionally protected right of a specific person or persons to due process in connection with the action or determination," is not reviewable. Wis.

The following determinations are reviewable under this chapter:
(1) The grant or denial in whole or in part after application of an initial permit, license, right, privilege, or authority, except an alcohol beverage license.
Wis. Stat. § 68.02(1).
Section 68.03(9) provides:
Except as provided in § 68.02, the following determinations are not reviewable under this chapter:
. . . . .
(9) Notwithstanding any other provision of this chapter, any action or determination

of a municipal authority which does not involve the constitutionally protected right of a specific person or persons to due process in connection with the action or determination.
Wis. Stat. § 68.03(9).

Stat. § 68.03(9) (emphasis added). Hanlon argues that the inclusion of the phrase "[n]otwithstanding any other provision of this chapter" trumps both § 68.02 and the exception of § 68.02 included at the beginning of § 68.03. He supports this argument by calling attention to the fact that certiorari review is limited to matters developed at the previously conducted municipal hearing, see, e.g., Berschens v. Town of Prairie du Sac, 76 Wis.2d 115, 250 N.W.2d 369 (1977), and the lack of availability of monetary damages in suits for review by certiorari.

It is our conclusion that the issue presented in this case involves a controlling and unresolved question of state law and warrants certification. Circuit Rule 52 provides, in relevant part, that "[w]hen the rules of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the rules of that court, and may stay the case in this court to await the state court's decision of the question certified." 7th Cir. R. 52. "We have held that, under this rule, certification is appropriate when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." In re Badger Lines, Inc., 140 F.3d 691, 698 (7th Cir.1998).

Wisconsin law provides for certification: "The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States or the highest appellate court of any other state when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of

the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state." Wis. Stat. § 821.01.

The other requirements for certification are also easily satisfied. The issue of whether Hanlon could have pursued his equal protection claims during the state proceedings controls the outcome of this case. We can find no Wisconsin case specifically addressing this issue; nor can we locate the kind of clear guidance of a general sort that counsels against certification. We also recognize that future litigants have a real and substantial interest in knowing the extent of the claims they are required to present in Chapter 68 proceedings at the risk of claim preclusion—especially when the claims implicate the constitutional right to equal protection under the law.

Therefore, we respectfully certify the following question to the Wisconsin Supreme Court:

Whether a litigant challenging an administrative determination according to the provisions set forth in Chapter 68 may bring an equal protection claim and whether the reviewing Wisconsin court may consider the merits of such a claim under this chapter when the claim arises from the same transaction forming the basis for the administrative determination so that the failure to raise such a claim invokes the doctrine of claim preclusion.

We invite reformulation of the question presented if necessary, and nothing in this certification should be read to limit the scope of the inquiry to be undertaken by the Wisconsin Supreme Court. Further proceedings in this court are stayed while this matter is considered by the Wisconsin Supreme Court.

QUESTION CERTIFIED.