# THE STATE OF WISCONSIN, EX REL. CHRISTOPHER J. DOXTADOR.

## *vs.*

# HENRY BAILEY, ADAMS CHAPIN AND IRA FORD.

### APPLICATION FOR MANDAMUS.

The commissioners appointed by a justice of the peace, on appeal to him from the determination of the town supervisors, in laying out, altering or discontinuing, &c., a highway, have no authority to inquire into the regularity or irregularity of the appeal.

After their appointment and qualification they cannot refuse to proceed in the discharge of their duties on the ground of any such assumed irregularity.

The question of the regularity of the appeal—as, whether the application for it was made in writing, or otherwise—should be determined judicially, when raised in the proper forum.

A mandamus is the proper remedy to put in motion inferior officers, and to compel the performance of the duties required of them.

The relator filed his application in this court on the 19th day of June, 1857, in which he sets forth that two of the supervisors of the town of Richmond in Walworth county, Wisconsin, on the fourth day of May then last past, by an order by the said supervisors signed, discontinued a certain highway, in the application described, and caused said order to be recorded in the office of the town clerk of said town of Richmond. That on the 14th day of May aforesaid, the relator presented to Charles Claxton, a justice of the peace of said town, a written notice of appeal from the determination of said supervisors, wherein the order of said supervisors in the premises, and the highway by them discontinued, were pertinently set forth and described, and giving notice of his appeal to the said justice to reverse the determination of said supervisors. With said notice of appeal, he also deposited with said justice a bond duly executed, with a surety to the sati

faction of the justice, conditioned according to law, for the payment of the costs of the appeal. That upon the filing of these papers the justice issued an official notice to said supervisors to appear at his office on the 21st day of May then next, for the purpose of appointing commissioners to hear and determine the appeal.

On the day appointed in the notice the relator and the supervisors appeared before the justice, and there were then chosen and appointed, in accordance with the statute, three commissioners, to-wit: Henry Bailey, Adams Chapin and Ira Ford, the respondents herein; and being thereafter duly summoned, the said commissioners met on the 3d day of June, 1857, and were then and there duly sworn by and before said justice, to fulfil the duties of their appointment according to law.

" And this deponent further saith, that after the said commissioners had been sworn, the counsel for said supervisors objected that the application for the said appeal was irregular, and objected to the said commissioners acting, and insisted upon the said commissioners deciding the question of irregularity claimed by them. Whereupon the said commissioners decided that they had no jurisdiction, and refused to act, and did not proceed to examine said road and act in the premises.

On the 7th day of July, 1857, the respondents filed a return to the alternative *mandamus* issued on the foregoing application, wherein, (by their counsel), they admitted the several matters and things alleged in the application, substantially as therein alleged; and say, that after being sworn as commissioners in the matter of said appeal, as stated in said application, and before they had proceeded to examine said highway, the said supervisors of the town of Richmond, by their attornies, A. H. Barnes and A. S. Spoqner, came and objected to their proceeding further in said matter, for the reason that no application in writing for the appointment of such commission-ers, had been made to the said justice of the peace aforesaid. " And the respondents say that they did then and there examine all the papers in said cause in their possession, or that of

the said justice of the peace, relating to said matter, and that it no where appeared that the said Christopher Doxtader had made application in writing for their appointment as such commissioners." They say that the justice had proceeded without legal authority to appoint them, and that "finding themselves called together without legal authority, and conceiving that they had no power or authority to act in the premises, they did then and there refuse further to act, for the reasons aforesaid, as they lawfully might," &c.

The cause was heard upon the application and the return.

*R. R. Menzie*, for relator.

*A. H. Barnes* and *A. S. Spooner*, for respondents.

*By the Court*, COLE, J. It appears that the respondents in this case refused to proceed to view and examine the highway for the reason that there had been no written application for an appeal filed with the justice. The relator however states in his relation that he presented to the justice, Claxton, on the 14th of May last, a written application for such an appeal; and it seems that the justice acted upon an application for he issued the requisite notice to the supervisors, of the time and place of appointing the commissioners under the statute. The commissioners return in answer to the alternative writ of mandamus, that upon the adjourned day, that is, on the 3d of June, after they had taken the oath faithfully and impartially to discharge their duties as commissioners, the supervisors objected to their proceeding in the matter, because the application for their appointment had not been made in writing, and as no written application for the appeal was found among the papers in their possession, or in the possession of the justice, it appears the commissioners decided that their appointment was irregular and that they had no power or authority to act in the premises, and consequently refused to act. But certainly the respond-

ents committed a great mistake when they attempted to determine and settle the question as to the regularity or legality of their appointment. Even if the alleged irregularity had intervened in the proceedings, the respondents were not justified in refusing to act. The law imposed on them a very plain duty —to proceed to view and examine the highway laid out by the supervisors, and the one altered, or discontinued, and to make return of their decision in the premises. They had no authority to say that the proceedings were irregular because an application for an appeal had not been made in writing, or for any other reason. Whether their acts would be valid or not, in the absence of such written application, would be determined by another tribunal, some court of justice, when the question should be raised in that forum. The return of the respondent is entirely insufficient in law; it is therefore quashed, and a peremptory writ awarded, with costs, against the respondents.

　　Peremptory writ awarded.