June Term,
1861.

MORRIS
v.
FERGUSON et al.

MORRIS vs. FERGUSON and others, Supervisors of the Town of Caledonia.

Commissioners appointed under sec. 79, chap. 19, R. S., to determine an appeal from a decision of town supervisors in laying out a highway, have no power to review and reverse such decision for errors of law, but are confined to an examination of the necessity or propriety of laying out such highway, assuming all the steps previously taken to have been regular.

Any irregularity in the proceedings of the supervisors in laying out, altering or discontinuing a highway, may be reviewed and corrected in the circuit court by means of a common law writ of *certiorari*, provided such irregularity appears from the *return* of the supervisors; but the court will not, upon such a writ, go beyond the return and review questions of fact.

APPEAL from the Circuit Court for *Racine* County.

The nature of the case is stated in the opinion of the court. The petition for the establishment of the highway alleged that six of the petitioners were freeholders and residents of the town, and the order of the supervisors laying out the highway recited the same fact, and the fact that the applicants for said highway had given to all the occupants of the lands through which the highway was to pass, five days notice of the time and place when and where the supervisors would meet and decide upon the application, and had also posted up notices ten days before such meeting, in three public places, &c.

The description of the line of the highway, contained both in the application made to the supervisors and in the notice which the supervisors caused to be served and posted, was as follows: "Commencing two rods north of the west quarter post in section 34, town 4 north, of range 22 east, thence east to a point 2 rods north of the quarter line, 16 chains and 60 links west of the center of section 35 of said town and range aforesaid; thence to a point on the quarter line 11 chains and 17 links west of the center of said section 35; thence to a point in a road that runs north of Nickols's past John Morris's and so on past James Weed's, one chain and 56 links south of the north line of the southwest quarter of section 35 aforesaid; the line of said sur-

vey to be the center of said highway." The affidavit of service of the notice, stated that it had been served upon certain persons named therein, but did not show that these were "*all* the occupants of the lands through which the highway" was to pass. The notice and the order establishing the highway were signed by only *two* of the supervisors of the town, and it does not appear from the record that the other supervisor met or acted with them at the time fixed by the notice, which was the time the order was made, or that he had received any notice that a meeting of the supervisors was to be had at that time.

*George B. Judd*, for appellant :

If all three of the supervisors of the town had been present, or had notice of the time and place of the meeting at which the proceedings complained of took place, then a majority might have acted, but not otherwise, R. S., chap. 5, sec. 1, subd. 3 ; 1 Cow., 238 ; 6 Johns., 39 ; 1 Johns. Ch., 334 ; 7 Wend., 534. 2. The recital in the petition that it was signed by six freeholders, is not sufficient ; the fact must be proved by competent testimony. 2 Wis., 129. 3. The notice of the application should .have described the several tracts of land through which the highway might pass. R. S., chap. 19, sec. 56. A strict compliance with the law is required in such cases. 6 Wis., 142 ; 7 id., 127. 4. It does not appear from the affidavit of service, that the notice was served upon "*all* the occupants of the land through which the highway may [might] pass." R. S., chap. 19, sec. 56.

*A. W. Farr*, for respondents, contended that the court below was right in deciding that it had no jurisdiction ; and that the return to the *certiorari* showed all the proceedings regular and valid.

*By the Court*, COLE, J. This was a common law writ of *certiorari*, issued out of the circuit court of Racine county, directed to the defendants in error as supervisors of the town of Caledonia, for the purpose of reviewing their proceedings in laying out a highway. It appears from the record that the circuit court dismissed the writ for want of jurisdiction to hear and determine the same. The general

*June Term, 1861.*

MORRIS
v.
FERGUSON et al.

November 2.

power of the circuit courts of this state to issue common law writs of *certiorari*, would not probably be questioned. Both the constitution and statute give them power to award this writ, and it has frequently been exercised in this state. Sec. 8, Art. VII, Constitution; sec. 4, chap. 116, R. S. But while the jurisdiction of the circuit court to award the writ in a proper case would probably not be controverted, it is claimed that this is not such a case. It is contended that the only remedy of a party aggrieved by the errors or mistakes of supervisors in laying out highways, is by an appeal to commissioners under the provisions of cháp. 19, R. S.

We do not suppose the intention of the statute was to give the commissioners power to review and reverse the decision of the supervisors for errors of law. The commissioners are confined, on the appeal, to an examination of the case upon the merits—that is the necessity or propriety of laying out the road, assuming all the previous steps taken to have been regular. They are not to review legal questions, or irregularities which might exist in the preliminary steps. See the cases of *Lawton et al. vs. The Commissioners of Highways of Cambridge*, 2 Caines, 179, and *The Com'rs &c. of Warwick, vs. Judges of Orange Co.*, 13 Wend., 432; *State ex rel. Doxtader vs. Bailey et al.*, 6 Wis., 291. Any irregularities or legal questions growing out of the proceedings of the supervisors in laying out the road, might be reviewed and corrected by a common law writ of *certiorari*, provided they appeared upon the record or in the return. But the court will not, upon a common law writ of *certiorari*, go beyond defects appearing upon the record, and review questions of fact. *Stokes vs. Knarr*, 11 Wis., 389; *Allyn vs. The Com'rs &c. of Schodack*, 19 Wend., 342; *The People vs. Covert*, 1 Hill, 674. Now the difficulty with this case is, that the return of the supervisors shows no want of jurisdiction, nor any irregularities in their proceedings. And the errors of which the plaintiff in error complains cannot be reached by this writ, for the simple reason that we cannot go into a review of matters of evidence. We are confined to the defects appearing upon the return. It is objected that the supervisors had no authority to proceed and

June Term, 1861.

Morris
v.
Ferguson et al.

lay out the road, because the petition for that purpose was not signed by at least six freeholders, and that a proper notice was not given of the time when they would meet and decide upon the application. The return of the supervisors shows none of these defects. They have returned a petition which purports to be signed by six freeholders. They give, too, the notice which they caused to be served upon the parties interested, of the time and place when and where they would meet and decide upon the application. It is said that it did not appear that the notice was served upon *all* the occupants through whose lands the road might pass. But all these things are matters of fact which the circuit court could not reach and inquire into upon this writ. They might be inquired into in an action of trespass for laying out and opening this highway, or in any proceeding where the question of the legal existence of the road could be determined.

Another question desired to be reached by the writ is, whether the supervisors of Caledonia could lay out the highway, the same having, as is contended, been previously laid out by the supervisors of Orwell before the division of the town. But obviously the defendants in error can make no return in reference to the action of the supervisors of Orwell. How could they possibly have any knowledge of that matter, except from hearsay?

We think, therefore, the circuit court should not have dismissed the writ of *certiorari* for want of jurisdiction, but have proceeded and acted upon the return. We have already stated that upon the return we see no errors or defects which would authorize the circuit court to reverse the action of the supervisors. If such errors of law exist, they can only be shown by matters *dehors* the return. And this shows that the plaintiff in error mistook his remedy in supposing that he could reach those questions by a common law writ of *certiorari*.

The order of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this decision.